```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

-------------------------------- x
RAYMOND C. GREEN FUNDING, LLC    :
and RAYMOND C. GREEN INC.,       :
                                 :
        Plaintiffs,              :
                                 :
                                 :
v.                               :
                                 : Civil No. 3:22-cv-1324 (AWT)
OCEAN DEVELOPMENT PRECINCT I,    :
LLC, OCEAN DEVELOPMENT PARTNERS, :
LLC,¹ NICHOLAS FIORILLO,         :
and NEIL KREUZER,                :
                                 :
        Defendants.              :
                                 :
-------------------------------- x
```

## ORDER REMANDING CASE

For the reasons set forth below, the plaintiff's Motion to Remand (ECF No. 6) is hereby GRANTED. This case is hereby remanded to Connecticut Superior Court, Judicial District of New Haven.

Plaintiffs Raymond C. Green Funding, LLC and Raymond C. Green, Inc. commenced a state court action against Ocean Development Precinct I, LLC, Nicholas Fiorillo, and Neil Kreuzer by serving a summons and complaint on February 9, 2022; it was returnable in Connecticut Superior Court, Judicial District of New Haven. On May 3, 2022, defendants Ocean Development Precinct I, LLC and Fiorillo filed an answer and counterclaim in

---

[1] The Complaint lists Ocean Development Partners, LLC as a defendant, but the caption of the Complaint and the Notice of Removal do not.

Connecticut Superior Court. On September 12, 2022, the plaintiffs moved to cite in an additional defendant. That motion was granted, and on September 28, 2022, the amended complaint was served on Ocean Development Partners, LLC.

On October 19, 2022, defendant Fiorillo filed a notice of removal, removing the case to this court. The plaintiffs timely filed the instant motion to remand.

Under 28 U.S.C. 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The party asserting jurisdiction bears the burden of proving that the case is properly in federal court." United Food & Comm. Workers Union, Local 9191, AFL-CIO v. CenterMark Props. Meriden Square, Inc. 30 F.3d 298, 301 (2d Cir. 1994)(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). "Because statutory procedures for removal are to be strictly construed, we resolve any doubts against removability." Taylor v. Medtronic, Inc. 15 F.4th 148, 150 (2d Cir. 2021)(quoting Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2021)) (internal quotation marks and citations omitted).

Here, the motion to remand must be granted because the

Notice of Removal (ECF No. 1) was untimely.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The Notice of Removal was filed on October 19, 2022, eight months after the Complaint was served on defendant Fiorillo and over five months after he filed his answer in response to the Complaint. Defendant Fiorillo asserts that he "was not 'untimely' in his removal of what are now seven interrelated matters across two State [c]ourts, from [s]tate to [f]ederal jurisdiction . . . ," Def. Opp. Mot. Remand (ECF No. 12) at 3, but the controlling statutory provision in this case is 28 U.S.C. § 1446(b)(1) and removal was clearly untimely under that provision.

In addition, this court does not have subject matter jurisdiction, so remand is also required pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1332 (a), "The [United States] district courts shall have original jurisdiction of all civil actions . . . between citizens of different States" where the amount in controversy is satisfied. 28 U.S.C. § 1332(a). The plaintiffs are Massachusetts citizens, and defendant Fiorillo is a resident of Massachusetts. Thus, there is no diversity

jurisdiction. Under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The determination of whether a claim arises under federal law . . . is determined by reference to the well-pleaded complaint. Federal jurisdiction must be found from what necessarily appears in the plaintiff's statement of his own claim." D'Alessio v. New York Stock Exchange, Inc. 258 F.3d 93, 100 (2d Cir. 2001)(internal citations and quotation marks omitted). The Complaint and the Amended Complaint both contain only causes of action arising under state law. Thus, no federal question is raised in either. Defendant Fiorillo asserts that "[t]his case was properly removed to federal court, pursuant to the provisions under Title 42, United States Code § 1983 [ ]." While 42 U.S.C. § 1983 is a federal statute, it does not govern removal, nor does the Complaint contain a cause of action brought pursuant to that statute.

    It is so ordered.

    Dated this 2nd day of December 2022, at Hartford, Connecticut.

                                                    /s/AWT
                                        Alvin W. Thompson
                                    United States District Judge